# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1566-23

C.O.T.,

    Plaintiff-Respondent,

v.

M.K.W.,

    Defendant-Appellant.

_____

Submitted May 21, 2025 – Decided June 6, 2025

Before Judges DeAlmeida and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FV-20-0837-24.

Mark A. Bailey, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

Defendant M.K.W.[1] appeals from the January 5, 2024 final restraining order[2] (FRO) entered against him in favor of plaintiff C.O.T. pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35.  After reviewing the record, and in light of prevailing legal standards, we reverse and remand for a new trial.

Because we are deciding this appeal based on undisputed and dispositive procedural flaws in the proceedings, we need not recite in detail the parties' previous history of domestic violence or the facts underpinning the predicate act of harassment.

The parties appeared pro se.  In her advisement of the potential consequences of an FRO, the judge told defendant:

> Also if there are any criminal charges that are pending, whatever I do here today has no effect on that case.  However what you testify to today could be used against you in your criminal proceeding.

[1]  We use initials to protect the parties' privacy and the confidentiality of the proceedings in accordance with Rule 1:38-3(d)(10).

[2]  The trial court entered an amended FRO on March 27, 2024, indicating the "matter in front of Judge Vallejo from [March 27, 2024] withdrawn as [plaintiff] was served with divorce complaint.  Applications must be filed under FM docket."  Although defendant did not amend his notice of appeal to include the amended FRO, the amended FRO is included in his appendix and referred to in his merits brief.  Because the amended FRO did not grant any relief to either party or alter the relief granted in the January 5, 2024 FRO, it is not germane to our decision and we only address the FRO properly before us on appeal.

A-1566-23

After both parties confirmed they were ready to proceed with the hearing, the judge permitted them to make an opening statement. She then conducted the examination of plaintiff about the parties' relationship, prior history of domestic violence and predicate act. At the conclusion of plaintiff's direct testimony, the judge told defendant it was his "turn," then commenced direct examination of him. The matter was continued to a second day, which resumed with defendant's direct testimony.

Upon the conclusion of defendant's testimony, the judge asked him whether he had any additional evidence or witnesses before she turned back to plaintiff. Defendant asked, "Am I able to talk more or that's it?" to which the judge responded he would have the opportunity for closing arguments.

The judge then permitted plaintiff to respond, through redirect examination, to defendant's testimony. At the conclusion of plaintiff's redirect, the judge permitted defendant to respond. The parties then gave closing arguments and the judge rendered her decision granting the FRO.

On appeal, defendant argues the judge incorrectly advised him about the use of his testimony in a criminal action, which resulted in his declining to testify about an incident alleged to be a prior act of domestic violence; the judge erred by not advising him of his right to cross-examine plaintiff; and the finding

3

of harassment and entry of the FRO was not supported in the record. We agree with defendant that the judge made several missteps by incorrectly advising him about testimonial immunity in domestic violence proceedings and not affording him the opportunity to cross-examine plaintiff. Because these procedural errors require reversal, we need not, and do not, address defendant's arguments challenging the sufficiency of the evidence.

We first address the trial judge's instruction on the use of defendant's FRO testimony in a related criminal proceeding. The PDVA "grants a limited immunity for testimony provided at FRO hearings in a related criminal case." M.A. v. J.H.M., ___ N.J. ___, ___ (2025) (slip. op. at 14). The statute provides:

> If a criminal complaint arising out of the same incident which is the subject matter of a complaint brought under [the PDVA] has been filed, testimony given by the plaintiff or defendant in the domestic violence matter shall not be used in the simultaneous or subsequent criminal proceeding against the defendant, other than domestic violence contempt matters and where it would otherwise be admissible hearsay under the rules of evidence that govern where a party is unavailable.
>
> [N.J.S.A. 2C:25-29(a).]

Although the statutory immunity precludes the use of a defendant's testimony as affirmative evidence in a related criminal matter, we have held the State "may 'use the testimony given by the parties at the [PDVA FRO] hearing,

4

solely for the purposes of impeachment.'" M.A., ___ N.J. at ___ (slip. op. at 15) (alteration in original) (quoting State v. Duprey, 427 N.J. Super. 314, 325 (App. Div. 2012)).

We are persuaded the trial judge's advisement to defendant, that what he testified to during the FRO hearing could be used against him in a criminal proceeding, was incomplete.  This is particularly pertinent here because, at the time of the FRO hearing, defendant had criminal charges pending against him arising from a prior act of domestic violence on which the judge relied in granting the FRO.[3]  Absent advising defendant of the contours of PDVA immunity—that his testimony during the FRO hearing could only be used for impeachment purposes and not as affirmative evidence in a criminal proceeding—he believed any testimony he provided could be used against him in the pending criminal charge.

In addition, parties in an FRO hearing have a right to cross-examine adverse witnesses.  Peterson v. Peterson, 374 N.J. Super. 116, 124-25 (App. Div. 2005).  Here, the trial judge questioned each party directly without advising

_____

[3]  While it is unclear whether "a criminal complaint arising out of the same incident which is the subject matter of a complaint brought under [the PDVA]" under N.J.S.A. 2C:25-29(a) includes a criminal complaint arising out of a prior act of domestic violence alleged in a PDVA complaint, that distinction does not alter our analysis.

A-1566-23

them of their right to cross-examination or otherwise affording them the opportunity to do so. This procedure denied defendant his due process right to challenge, through cross-examination, the testimonial evidence presented against him.

Although we are mindful of the practical difficulties presented when legally untrained individuals endeavor to perform the delicate craft of cross-examination, this basic due process right is not waived or diminished when the parties appear pro se. See Franklin v. Sloskey, 385 N.J. Super. 534, 543 (App. Div. 2006) ("We understand that in a pro se trial a judge often has to focus the testimony and take over the questioning of the parties and witnesses. That should be done in an orderly and predictable fashion however, and not at the expense of the parties' due process rights.")

For these reasons, we vacate the January 5, 2024 FRO and reinstate the November 3, 2023 temporary restraining order pending further order of the trial court. Because the trial judge made credibility determinations, we remand for a new trial before a different judge. Freedman v. Freedman, 474 N.J. Super. 291, 308 (App. Div. 2023). We take no position on the outcome of the remanded FRO hearing.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

6

A-1566-23